### MERRIAM v. BRYAN et al.

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

No. 5907.

Delbert J. Hinckley, of San Francisco, Cal., for appellant.

Walter Loewy and A. B. Weiler, both of San Francisco, Cal., for appellee Bryan.

John L. McNab, of San Francisco, Cal., for appellee Mulford.

T. John Butler, of San Francisco, Cal., for appellees Buzzard Hill Mine and Cutting.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a motion for leave to file a complaint in intervention. The parties to the original suit were Mahlon P. Bryan, plaintiff, and Henry C. Cutting, Buzzard Hill Mine, Inc., a corporation, Spencer K. Mulford, and John Doe, defendants. The original bill was filed February 18, 1926; the answer of the defendant Cutting was filed April 17, 1926; the answer of the defendant Mulford, August 18, 1926; and the answer of the corporation, August 20, 1926. November 1, 1926, the interlocutory decree was entered, adjudging that the defendant Cutting held certain property in trust for the defendant corporation, directing him to make conveyances thereof to the corporation, and to satisfy certain liens thereon, making permanent the temporary injunction theretofore granted, ordering a reference to a master to take an accounting, and appointing a receiver to take charge of the property pending further proceedings. March 18, 1929, the interlocutory decree was affirmed by this court, with slight modifications not now material. Cutting v. Bryan, 30 F.(2d) 754. Reference is made to the opinion then filed for a more complete statement of the case. It will thus be seen that more than three years elapsed between the commencement of the principal suit and the filing of the motion for leave to intervene. The rule is well settled that applications of this kind must be in subordination to and in recognition of the propriety of the main proceedings, that they must be timely made, and that they are addressed to the sound discretion of the court. Equity Rule 37; Buel v. Farmers' Loan & Trust Co. (C. C. A.) 104 F. 839, 842. The rule is well stated in the Buel Case, in an opinion participated in by Judges Lurton and Day:

"It seems to be quite well settled that the granting leave to intervene in a case to which the petitioner is not a party is a matter addressed to the discretion of the court, to be exercised upon consideration of all the circumstances of the case. Among other things, the court will regard the seasonableness of the application, and the extent to which those already parties to the suit may be injuriously affected by admitting the new party to assert his claims and have them litigated at that stage of the case. The question for the court will be whether the petitioner has slept upon his rights and unreasonably delayed his application. Another will be whether it will be more convenient that he litigate his rights upon an independent bill."

The present application does not satisfy any of these requirements. The appellant had full knowledge of the pendency of the principal suit from the beginning, was a witness at the trial, and has offered no excuse whatever for the delay. On the contrary, the reason for the delay is not far to seek. It appears from letters written by him during the pendency of the suit that his interest lay with the defendant Cutting, under some sort of an agreement to divide the spoils, until Cutting failed, and he now changes his allegiance to the corporation. Such conduct on the part of a suitor does not appeal to a court of equity. If his presence were at all necessary to protect the interest of the corporation of which he is a large stockholder, a different situation might be presented; but he is the owner of a majority of the capital stock, and can protect the interest of the corporation, as well as his own, without any intervention. Furthermore, he is not willing to accept the situation as he finds it, but is attempting to open up and relitigate questions heretofore finally determined by this court.

The order is affirmed.