## CLOUR v. JONES.
### No. 366–Civ.

District Court, E. D. Oklahoma.
June 19, 1941.

Jeff R. Laird, of Ada, Okl., for plaintiff.

Potterf, Gray & Poindexter, of Ardmore, Okl., for defendant.

RICE, District Judge.

The plaintiff, C. J. Clour, was employed by the defendant, George C. Jones, as a pumper on an oil and gas lease. He was employed upon the basis of a monthly salary. The suit involved very little from a monetary standpoint. As a matter of fact at the time of the trial it was agreed that less than $50 compensation for overtime was involved. At the time the plaintiff was discharged by the defendant he was given a check as payment in full for all services theretofore performed. This check overpaid the plaintiff for services actually performed calculated upon the basis of his monthly compensation. Prior to the time that the plaintiff was discharged there had been no question between him and the defendant as to overtime. Upon the trial of the case it developed that the plaintiff had worked overtime and was entitled under the law to be paid therefor. The defendant contended that the check which he gave to the plaintiff was a final payment which included all that was due the plaintiff as compensation for overtime. This issue was submitted to the jury and the jury found in favor of the defendant's contention; that is, the jury found that the defendant had paid the plaintiff in full for all overtime that he had worked. Thereafter the plaintiff raised the question that compensation for overtime accrued weekly or at least on each pay day, which was twice each month and that payment in full for compensation due as a result of working overtime would not relieve the defendant from the payment of the penalty or liquidated damages provided for by the applicable Act of Congress and insisted that he was entitled to a judgment for liquidated damages in an amount equal to the compensation for overtime which had been paid and that being entitled to a judgment for liquidated damages he was likewise entitled to have an attorney's fee awarded his attorney. This matter was submitted to the court after the trial by jury.

Upon consideration of the motion of the plaintiff filed herein for judgment notwithstanding the verdict, the court is of the opinion that the motion should be overruled. One question yet remains, and that is, whether or not the plaintiff is entitled to recover the judgment for liquidated damages. The court is of the opinion that under the facts of the case the plaintiff is not entitled to such judgment. At the time of his discharge the defendant paid the plaintiff all amounts due him. The court is of the opinion that during the times that the plaintiff was working for the defendant, the defendant in good faith did not believe that the plaintiff came within the provisions of the Wages and Hour Law or the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. It is doubtful if prior to the time of his discharge the plaintiff himself considered that he came within the provisions of the Act. Under that state of facts the court does not believe that the defendant should be required to pay any amount as liquidated damages, having compensated the plaintiff in full for his overtime at the date of his discharge. It follows that the plaintiff's attorney is not entitled to recover any attorney's fee. The attorney for the defend-

ant will prepare a proper form of judgment in accordance with this memorandum, and this cause is set for entry of judgment at Muskogee on June 27, 1941.