**HUTCHINSON v. WILLIAM C. BARRY, Inc.**

**No. 1833.**

District Court, D. Massachusetts.

May 1, 1942.

Hammer, Karff & Goldberg and A. S. Karff, all of Boston, Mass., for plaintiff.

Brown, Field & McCarthy and Horace P. Moulton, all of Boston, Mass., for defendant.

FORD, District Judge.

The motion by the plaintiff that the eighth paragraph of the defendant's answer be stricken as immaterial is granted.

[1] The complaint sets up a cause of action under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219. The eighth paragraph of the answer sets up as a defense that the plaintiff gave the defendant a release of "all and any claims now or hereafter pertaining to my employment * * *".

Several courts have held that a release of claims is no defense to an action under this statute. Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622, 626; United States ex rel. Johnson v. Morley Construction Co. et al., 2 Cir., 98 F.2d 781, 789; Travis v. Ray, D.C., 41 F.Supp. 6, 8. I believe these authorities are decisive of the question presented by this motion. Moreover, I agree with the reasoning on which they are based. The act constitutes

a declaration of public policy against substandard labor conditions. This policy would be defeated if the validity of contracts such as this were to be upheld. It is obvious that desire to continue in employment on the part of the laborer would make it easy for an employer who wished to ignore the act's provisions to induce him to execute a release of claims under the provisions of the act. Unless such agreements as this be declared void, it would therefore be easy to circumvent the declared purpose of Congress.