## BARRINEAU v. CAROLINA MILLING CO.
### No. 651.

District Court, E. D. South Carolina.

Oct. 16, 1942.

Joe P. Lane and Herbert M. Britt, both of Dillon, S. C., and Julian L. Johnson, of Columbia, S. C., for plaintiff.

W. C. Moore, of Dillon, S. C., for defendant.

WARING, District Judge.

The plaintiff in the above entitled cause was formerly an employee of the defendant, Carolina Milling Company, which is a corporation organized under the laws of the State of South Carolina, with office and place of business at Dillon, S. C. During the times referred to in this suit the defendant company was engaged in the

198

manufacture and sale of fertilizer and fertilizer materials and also purchased wheat and sold and exchanged flour and also operated cotton gins. In addition to the three main lines of business above set forth the Company had side lines consisting of handling and distribution of molasses, the purchase and sale of corn and of seed wheat, and dealing in and selling insect poisons for plant protection. The Company's place of business was in the town of Dillon where it had a general office for the management of all of its business. The various manufacturing and distribution businesses were in separate buildings, all, however, located near each other and near the one central business office.

The plaintiff was an employee of the defendant over a considerable period of time being engaged from time to time as occasion demanded in connection with the various activities of the defendant company. It is admitted that his wages were less than those required under the Fair Labor Standards Act of June 25, 1938, 52 Stat. 1060, et seq., 29 U.S.C.A. § 201, et seq., but it is denied that the Act was applicable to him.

This suit was brought for the recovery of wages claimed to be due by reason of the failure to pay minimum wages fixed by the aforesaid Act and failure to pay over time. The defendant answered and denied that its business was such as to bring it within the terms of the Act, in that the business in which it was engaged was not such as to warrant it being declared to be engaged in producing goods to be shipped in interstate commerce. The defendant also set up as a counterclaim that the plaintiff was indebted to it by reason of his having issued receipts for goods never received by the defendant.

By order dated April 29, 1942, the cause was referred to A. L. Hardee, Esquire, a member of the bar of Florence, S. C., as Special Referee, to take testimony and report his findings of fact and conclusions of law. A number of references were held and testimony taken and the referee filed his report on July 13, 1942, wherein he made a finding that the plaintiff was entitled to be paid additional wages under the terms of the Fair Labor Standards Act amounting to $580.19. In addition to that, under the terms of the Act, 29 U.S.C.A. § 216, Subdivision (b), the plaintiff was held to be entitled to an equal amount as liquidated damages. Overnight Motor

Transp. Co. v. Missel, 316 U.S. 572, 62 S. Ct. 1216, 86 L.Ed. 1682, decided June 8, 1942; Calaf v. Gonzalez, 1 Cir., 127 F.2d 934.

The Referee found that the defendant was entitled to offset against the above allowances certain amounts, which the plaintiff owed to defendant by reason of his having issued receipts for goods not received by his employer. The amount of the offset was found to be $235.63. The Referee found that the whole of this amount should not be applied against wages, but only such portion as accrued during the period when such additional wages came due. The net result of the Referee's report was to find that there was due to plaintiff the sum of $955.06 as wages and liquidated damages, from which there should be deducted an offset of $132.97, making a total amount due the plaintiff for himself of $822.09. The Referee in addition recommended an allowance of $100 for plaintiff's attorneys' fees, so that the total amount recommended by him to be recovered from the defendant is $922.-09.

I have read the Referee's report in detail and also all the testimony taken before him and now on file in this court. The defendant has filed its objections to this report, most of which objections are directed to the findings of the Referee that the defendant was covered by the terms of the Fair Labor Standards Act, whereas it claimed to be exempt for the following reasons: (1) That it was not engaged in interstate commerce in all of its activities; (2) that these activities were entirely separate and were seasonal in their nature; (3) that certain of these activities were within the exemptions of Section 213(a) (10), of the Act; (4) that even if the defendant was engaged in any interstate commerce activities it could only have been the fertilizer mixing business and the cotton ginning business and that any wage payments to be made in these businesses should be calculated under Section 207, and particularly 207(c) of the Act. It is also claimed that the Referee erred in his allowance of only a part of the defendant's counterclaim, whereas the entire amount should have been allowed and also that such allowance should be offset against the wages before the liquidated damages were assessed.

The attorneys representing the respective parties appeared before me on Sep-

tember 19th 1942, and the case was fully argued. At their request I allowed them until October 1st to file briefs, which they have done. After due consideration of all of the foregoing, I have reached the conclusion that the Referee's findings with one exception are correct both as to fact and law. The Referee has made a very capable, careful and clear report and I deem it unnecessary to review the same in any extended or elaborate opinion since my views coincide so fully with the findings of the Referee that such an opinion would be almost a rewriting of his report, the changes being of form and not of substance.

 The only phase of the case on which I have had some difficulty is as to the proper manner of allowing the offset. The defendant has argued with much earnestness that the amounts due by the plaintiff to the defendant should be offset against the wages earned and before the double wage allowed as liquidated damages became due. The plaintiff claims that the double wages became due immediately upon failure to pay the minimum wages or over time required by the Act. I have not been able to find any case wherein this exact question has been passed on by any other court and counsel admit that they likewise have not found anything directly in point. The nearest case to the point in issue, which I have seen, is Clour v. Jones, decided by the United States District Court for the Eastern District of Oklahoma and reported in 42 F. Supp. 700. In that case the defendant believed that plaintiff's employment did not come within the terms of the Act, but nevertheless he did pay to the employee the full amount due under the Act at the time of termination of employment. Plaintiff disputed the correctness of the amount, but the matter was tried and a jury to whom the issue was submitted sustained the defendant. The court held that there should not be a payment of liquidated damages. In the instant case the Referee and court have found that the correct amount of wages was not paid and the problem is how to allow as an offset an entirely different indebtedness due by plaintiff to defendant. This indebtedness did not arise out of a wage dispute and is not an item of wages. It appears to me that under the language of the Act that when the employer failed to pay the wages (which I have held to be due as provided under the terms of the

Act), there immediately became due the additional amount provided by the Act as liquidated damages. The amount of the wages was not being disputed as to whether the employee had earned them. There was no dispute as to the number of hours worked. The dispute was whether or not he was under the terms of the Act and was being paid in accordance with its provisions. The additional equal amount required by the Act is not a penalty, but is liquidated damages; and if and when an employer fails to pay the required wages, not merely through some mistake or offset in calculating same, but because he claims that the Act does not apply to him, the liquidated damages become due immediately along with the wages earned, irrespective of whether or not the employer was acting in good faith in disputing the applicability of the law. If that be correct then the full amount of double wages becomes due as wages, and the other indebtedness which had nothing to do with wages, must be offset against such doubled wages.

This phase of the case seems to be one of novel impression and it is the writer's hope that it will be passed upon by an appellate court so that law may be clarified and more definitely fixed. While I have had some doubt as to the proper allocation of this offset, I believe that the foregoing reasoning is sound and that the finding of the Referee in that particular is correct.

 At the time of the argument before me full discussion was had as to the time and work expended by the attorneys in this case and while adopting all of the findings of the Referee as to the rights of the plaintiff against the defendant I have determined to modify his allowance of attorney's fees and give a somewhat larger amount. The attorneys in this case prepared the pleadings; it appears that several days were had in taking testimony in references; the defendant's attorneys having excepted to the Special Referee's report, plaintiff's attorneys had to prepare themselves and appeared before me to argue the case and have since submitted points and authorities. In view of all of this I have determined to increase the allowance made by the Special Referee and instead of $100, shall allow the plaintiff's attorneys a fee of $200.

 At the time of the hearing I also requested the views of the attorneys as to

the matter of allowance of reasonable compensation for the Special Referee, which of course shall be taxed as costs. From the report of the Referee and from facts submitted to me I believe that Mr. Hardee gave a great deal of time to the hearing of this case. He was required to be away from his home for several days taking testimony and his report evidences that he has made a thorough search of the law and study of the matter. The amount involved is not large so that must somewhat influence my allowance. On due consideration of all factors in the matter I have determined that a fair allowance to be made as compensation to the Referee is the sum of $200.

With the modification as to the allowance for attorneys' fees I have determined to adopt and confirm the Referee's report as the opinion and views of this court, and accordingly, make the following findings as applicable to this case.

### Findings of Fact.

1. The defendant, Carolina Milling Company, during the period referred to and covered by the complaint, was engaged in interstate commerce in all of its business activities.

2. The plaintiff, C. L. Barrineau, was during the time set forth in the complaint an employee of the defendant and took part from time to time in all of its various business activities.

3. The business of the defendant in agricultural products was not confined to an area of production as provided in Section 13(a)(10) of the Act.

4. The total amount of wages to which the plaintiff was entitled by reason of the rate of pay and by reason of overtime as provided in the Act in addition to the pay which he received was the sum of $580.19.

5. The plaintiff issued receipts for wheat not delivered to the defendant and caused the defendant to pay certain sums of money, a part of which has been repaid and the balance due by plaintiff to defendant amounts to the sum of $235.63.

6. A reasonable attorney's fee is the sum of $200.

7. I find that a reasonable and fair amount to be paid to the Special Referee, A. L. Hardee, Esquire, for his services in holding references, taking testimony, preparing and filing a report, is the sum of $200.

### Conclusions of Law.

1. The defendant having been found to be engaged in interstate commerce, the Fair Labor Standards Act is applicable to the wages due the plaintiff in this cause and the amount of wages as hereinabove set out, subject to application of certain offsets, is due him under the terms of said Act in addition to which he is due to be paid an amount equal to the unpaid wages as liquidated damages as provided by the aforesaid Act.

2. I further hold that the operations of defendant are not exempt from the operation of the Act by reason of the exemption set out in Section 13(a)(10), 29 U.S.C.A. § 213(a)(10).

3. I find and adopt the Referee's method of allowance of offset so that the net balance of same to be deducted after allowance of liquidated damages is $132.97.

4. I find that the plaintiff is entitled to an allowance for attorney's fees and fix the same at $200.

5. I find that there is due and owing by defendant to plaintiff the sum of $822.09, and an additional amount of $200 to be paid to plaintiff's attorneys, and in addition defendant shall pay all costs of this action to be included in which is the sum of $200 which I have found as a reasonable and proper amount of compensation to be paid to A.L. Hardee, Esquire, for his services as Special Referee herein. Accordingly, it is ordered:

1. That the report of A. L. Hardee, Special Referee in this cause, which was filed in this court on July 13, 1942, be and the same is hereby modified by allowing fees of $200 to plaintiff's attorneys, and in all other respects the same is confirmed and adopted as the views and opinion of this court.

2. That the plaintiff have judgment against the defendant for the sum of $822.09, and in addition thereto the sum of $200 to be paid as attorney's fees, making a total judgment of $1,022.09.

3. That the defendant pay all costs in this cause, including the sum of $200, to be paid as compensation to the Special Referee, A. L. Hardee, Esquire.