**TENNESSEE COAL, IRON & R. CO. v. MUSCODA LOCAL 123, etc., et al.**

No. 5232.

District Court, N. D. Alabama, S. D.

March 28, 1946.

---

* Act of June 29, 1938, 52 Stat. 1232, U.S.C.A., Title 28, § 463(a), proviso.

Benners, Burr, Stokely & McKamy and Borden Burr, all of Birmingham, Ala., for plaintiff.

James A. Lipscomb, of Bessemer, Ala., and Theodore J. Lamar, D. G. Ewing, and Earl McBee, all of Birmingham, Ala., for defendants.

MULLINS, District Judge.

This action originated as a bill for declaratory judgment brought to determine, primarily, whether certain travel time spent by underground ore miners in the plaintiff's ore mines constituted a part of the workweek within the terms of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., requiring payment of overtime compensation for hours during such workweek in excess of the maximum hours established in that law. The defendants appeared by answer and in addition filed counterclaims on behalf of themselves, certain other employees of the plaintiff alleged to be represented by the defendants as agents, and on behalf of others similarly situated.

The Court proceeded to a trial exclusively of the single issue presented by the declaratory judgment petition, and entered its final judgment on that phase of the case on September 10, 1941. 40 F.Supp. 4. Incorporated in the judgment of September 10, 1941, was a provision allowing employees of the plaintiff who had not at that time made their claims a matter of record in the case, sixty days within which to do so; and within said sixty-day period some additional claims were entered in the case.

The final judgment on the declaratory judgment phase of the case was appealed by the plaintiff to the Circuit Court of Appeals for the Fifth Circuit and to the United States Supreme Court, and it was not until May 11, 1944, that the mandate from

the Supreme Court of the United States was received in this court finally affirming the judgment of this court of September 10, 1941, which determined in defendants' favor that underground travel time did constitute a part of the workweek under the provisions of the Fair Labor Standards Act of 1938. Tennessee Coal Co. v. Muscoda Local, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014.

Thereafter, on July 5 and August 8, 1944, respectively, petitions for intervention were filed by a number of persons, claiming to be similarly situated employees to the original counterclaimants. The plaintiff filed objections to and motions for the disallowance of these petitions for intervention. On September 11, 1944, the late Honorable T. A. Murphree, a Judge of this Court, after arguments upon said objections and motions, sustained the objections of the plaintiff to the petitions for intervention and overruled said petitions for intervention. Within ten days thereafter, that is, on September 20, 1944, the said petitioners for intervention filed a motion for a new trial, moving the court to set aside the order entered on September 11, 1944. Thereafter, on March 28, 1945; July 6, 1945; August 17, 1945; and February 20, 1946, separate motions to be allowed to intervene were filed by a number of additional petitioners other than those parties to the petitions ruled upon by Judge Murphree in his order of September 11, 1944. The plaintiff has filed objections to the allowance of each of these latter petitions for intervention.

A hearing was had by the court, upon the motion of the petitioners, parties to the three petitions ruled upon by Judge Murphree on September 11, 1944, to set aside said judgment of September 11, 1944, and upon the petitions for intervention filed since that date and upon the objections to the latter group of petitions for intervention. Attorneys for all the petitioners for intervention and for the plaintiff argued the matter to the court and have submitted briefs upon these matters; and the same have been carefully considered by the court.

Section 16(b) of the Fair Labor Standards Act of 1938 provides, in part, as follows:

"Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated."

The foregoing provision of the Fair Labor Standards Act, if it be given the liberal and remedial construction demanded of it by the authorities (Tennessee Coal Co. v. Muscoda Local, supra; Booth v. Montgomery, Ward & Co., D.C., 44 F. Supp. 451), establishes for persons within its purview an unconditional right to intervene in an action for the recovery of overtime compensation brought under that Act. This right appears to be unconditional because the statute expressly indicates that one or more employees similarly situated can jointly originate such an action under the terms of the Act, regardless of the ordinary requirements of law as to proper joinder of actions or proper joinder of parties plaintiff. McNorrill v. Gibbs, D.C., 45 F. Supp. 363. This being true, it would be an excessively strict construction which would say that parties who have an absolute right to join as plaintiffs have less than an absolute right to intervene in the action or to become plaintiffs after its commencement. Culver v. Bell & Loffland, 9 Cir., 146 F. 2d 29.

While the cases relied upon by plaintiff assert that an action for overtime compensation cannot proceed on behalf of unnamed parties, (with which we agree) they equally grant the active intervention by employees similarly situated to the plaintiff. In Fowkes v. Dravo Corporation, D. C., 62 F.Supp. 361, 362, the court stated that Section 16(b), quoted above, gives "an opportunity to other individuals similarly situate to join in an action already brought in order to avoid multiplicity of suits," citing numerous authorities. To the same effect is Pentland v. Dravo Corporation, D.C., 4 F.R.D. 350, 351, saying "There seems to be no question but that only those claims may be considered which are made by those who appear as plaintiffs or intervenors in the record," and intervenors there were allowed to participate in the action. Intervention in this type of action was also allowed additional claimants in Smith v. Stark Trucking Co., D.C., 53 F. Supp. 826; Philpott v. Standard Oil Co., D.C., 53 F.Supp. 833, and Wilson v. F. J. Egner & Sons, D.C., 53 F.Supp. 847.

■ Of course, as expressly stated in Rule 24(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, even where the intervention is a matter of right, application therefor must be timely. In this respect, Judge Murphree's order of September 10, 1941, providing a sixty-day period for such applications for intervention, was a reasonable exercise of his discretion as to the timeliness of application for intervention as the matter stood before him on that date when for aught appearing the parties were to proceed promptly to litigation of the counterclaims. However, shortly after the entry of that order, its other provisions with respect to the determination of the declaratory judgment feature of the case were appealed as described above, and that appeal was not finally determined until May of 1944. During this long interim no action was taken by the court upon the counterclaims because it would be unreasonable to proceed to the trial of a large number of claims while the foundation upon which all of the claims rested might at any time be destroyed by a decision of one of the higher courts before which the case was then pending. During the pendency of these appeals, it would be equally improvident to require the submission of petitions for intervention which might become useless if the trial court's judgment upon the basic issue was reversed. For these reasons Judge Murphree's order of September 10, 1941, should have been modified upon application, after the pendency of the appeal on the declaratory judgment feature suspended litigation of the counterclaims, to allow petitions for intervention to be filed within a period ending at a reasonable time before the substantial litigation of the counterclaims was to begin.

■ Where there is a right to intervene as distinguished from a permissive privilege to intervene, the timeliness of the application must be determined not merely by a desire to reduce the number of litigants or by the mere lapse of time, but by the test of prejudice or unfairness to the interests of the opposing party arising within the period between the filing of the complaint, or as here the counterclaims, and the time the application for intervention is made. Cf. 2 Moore's Federal Practice, Sec. 24.11, page 2369. By this test, when Judge Murphree entered his order of September 11, 1944, overruling the petitions for intervention then pending, the petitions for intervention which he overruled were timely because the substantial litigation of the counterclaims had not yet commenced.

■ It is the opinion of the Court that the order of September 11, 1944, was in error because the petitioners for intervention affected thereby had a right to intervene and nothing had occurred in respect to the trial of the counterclaims to make their applications untimely.

After the order of September 11, 1944, and prior to the filing of each of the petitions for intervention filed on March 28, 1945, and thereafter, the litigation of the counterclaims did begin. On September 11, 1944, the plaintiff's motion to dismiss the counterclaims was overruled, and on the same date plaintiff filed answers to the counterclaims. On September 12, 1944, the counterclaimants filed motions to strike the answers of the plaintiff to the counterclaims. On October 12, 1944, an order of reference of the counterclaims to a Special Master was made which, among other things, prescribed a formula for computing the overtime compensation in question. Protracted pleadings and hearings were held with reference to the correctness and applicability of the matters contained in the order for reference to a Special Master. Thereafter, additional defenses were filed by the plaintiff; said defenses were argued and rulings made thereon. All of the foregoing incidents of litigation occurred prior to March 28, 1945, the date upon which the first of the petitions for intervention were filed after the order of September 11, 1944.

■ In view of the fact that such litigation of the counterclaims occurred prior to March 28, 1945, it is the opinion of the Court that each of the petitions for intervention filed on March 28, 1945 and thereafter were in fact not timely made. It appears to be the generally accepted rule that petitions for intervention will not normally be allowed once the actual trial has begun or is about to begin. Smith v. Gale, 144 U.S. 509, 12 S.Ct. 674, 36 L.Ed. 521; White v. Hanson, 10 Cir., 126 F.2d 559; Merriam v. Bryan, 9 Cir., 36 F.2d 578; Cf. Mullins v. DeSoto Securities Co., 5 Cir., 136 F.2d 55, Annotation. 127 A.L.R. 668.

■ In this case the incidents between September 11, 1944, and March 28, 1945, were peculiarly a part of the trial of the counterclaims, inasmuch as it was through the medium of the numerous pleadings,

arguments and orders occurring that the parties were able subsequently to arrive at a settlement of the issues between themselves. This settlement was finally arrived at on July 6, 1945; ratified; confirmed and incorporated in a final decree of this Court on August 23, 1945. While the said final decree included a provision that its entry was without prejudice to the rights of the petitions for intervention as of that date, the timeliness of the petitions for intervention filed theretofore was not increased by the settlement.

As stated above, the proceedings had on the original counterclaims prior to March 28, 1945, constituted a large part of the plaintiff's burden in litigating the counterclaims and it would be unfair to require the plaintiff to return to a phase of the litigation long since past and relitigate and reargue matters already litigated with new petitioners for intervention, appearing for the first time after the litigation was under way. It will be observed that the foregoing statement does not apply to the petitions for intervention filed prior to September 11, 1944, because they were filed prior to the engagement by the plaintiff in the litigation of the counterclaims.

In accordance with the foregoing opinion, the order of September 11, 1944, will be set aside and petitions for intervention pending as of that date will be allowed; and further order will be entered denying or disallowing the several petitions for intervention filed on or after March 28, 1945.