## ADAMS et al. v. BELL AIRCRAFT CORPORATION.

### Civ. No. 3235.

District Court, W. D. New York.

Feb. 24, 1947.

A. M. Oliver, of Pittsburgh, Pa., and Peter J. Crotty, of Buffalo, N. Y., for plaintiffs.

Dudley, Stowe & Sawyer, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Plaintiffs' attorney Crotty has moved for an order that the caption of this action be amended by adding thereto as plaintiffs 171 named employees of the defendant.

Rule 21 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

The original complaint lists 248 plaintiffs, including plaintiff Henry J. Adams, and demands $1,240,000 "for unpaid overtime compensation and an additional equal amount of liquidated damages, pursuant to Section 16 (b) of the Fair Labor Standards Act of 1938 [29 U.S.C.A. § 216 (b)]." It is alleged that "During the work-weeks beginning December 16, 1940, and ending December 14, 1946, plaintiffs were employed by defendant in the manufacture and production of goods for interstate commerce."

The petition alleges: "Since the filing of the above stated action, one hundred and seventy-one employees of the defendant, who are in the same class with the plaintiff named in the above entitled proceeding and who are affected in the same manner that the above named plaintiffs are affected in connection with this action, have indicated their desire to join in the

proceeding as plaintiffs. The names of the said one hundred and seventy-one employees are as follows:".

The Fair Labor Standards Act of 1938 provides: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated." 29 U.S.C.A. § 216 (b).

The 248 original plaintiffs have chosen to sue in behalf of themselves. The complaint, however, alleges: "VIII. This action is brought to recover unpaid overtime compensation and an additional equal amount as liquidated damages by plaintiff employees for and in behalf of themselves as well as other employees similarly situated who may hereafter join in this proceeding."

In Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29, the court said: "In the complaint as originally filed appellants, after describing the nature of their claims, alleged that 'this action is brought for and in behalf of themselves, and other employees similarly situated.' The other employees were not named in the pleading. On July 14, 1942, counsel for appellants, apparently upon request and before answer had been filed, furnished appellee with the names of 38 other employees said to be similarly situated. Thereafter they attempted to amend their complaint so as to include the names of these employees. * * * The court declined to permit the amendments, holding that 'new demands' were thereby presented as to each of the 38." 146 F.2d at page 30. The appellee court held: "The amendments should have been permitted and the complainants allowed to proceed on behalf of all employees named." 146 F.2d at page 31.

In Pentland v. Dravo Corporation, 3 Cir., 152 F.2d 851, at pages 853, 856, the court discusses at length the three groups of judicial interpretation of the nature of Sec. 16 (b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216 (b), and held: "The fact that the suit had been started six months before is not, to our minds, a sufficient reason for precluding other persons who care to join from coming in later. It is arguable, though we do not now decide, that the statutory language already discussed makes intervention a matter of right under Rule 24 (a)." 152 F.2d page 856.

In Tennessee Coal, Iron & R. Co. v. Muscoda Local 123, D.C., 5 F.R.D. 174, it was held that, under the Fair Labor Standards Act of 1938, "it would be an excessively strict construction which would say that parties who have an absolute right to join as plaintiffs have less than an absolute right to intervene in the action or to become plaintiffs after its commencement." (5 F.R.D. at page 176.)

In Schempf v. Armour & Co., D.C., 5 F.R.D. 294, 298, it is said—"as the Court interprets the Fair Labor Standards Act, every opportunity possible should be given employees to come into Court and make their complaints known."

The motion to join the 171 named employees of defendant with the other plaintiffs in this action is therefore granted.