**SMITH et al. v. STARK TRUCKING, Inc.**
**Civil Action No. 21435.**

District Court, N. D. Ohio, E. D.
Feb. 12, 1943.

Ernest H. Cohen, of Canton, Ohio, for plaintiff.

Albert B. Arbaugh, of Canton, Ohio, for defendant.

FREED, District Judge.

The bill of complaint names five plaintiffs and other employees of the defendant corporation similarly situated who seek to recover moneys due from the defendant for violation of the provisions of the Fair Labor Standards Act in respect of wages for overtime due employees which defendant allegedly failed to pay.

The defendant moves the court to require the plaintiffs separately to state the cause of action of each person seeking a right of recovery or in whose behalf recovery is sought and to require the plaintiffs to set forth the amount claimed by each.

It is maintained that because the bill of complaint does not recite the names of all employees similarly situated and the exact amounts claimed, an adequate defense cannot be presented.

The bill of complaint complies with all the requirements of Rule 8 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Any additional information sought by the action is peculiarly and specially within the knowledge of the defendant, or may be obtained by proceedings outlined and provided in Chapter V of the Rules entitled "Depositions and Discovery." The motion to make definite and certain, therefore, will be overruled.

The defendant further moves the court to strike from the bill of complaint all language which predicates a right of recovery for employees not specifically enumerated as plaintiffs but included as other employees of the defendant similarly situated as the plaintiffs.

The specific language objected to is as follows:

"In Paragraph I of the Complaint * * * 'and on behalf of and for the benefit of all other employees and former employees of the defendant corporation, similarly situated, such employees constituting a class, the members of which are so numerous as to make it impracticable to bring them all before the Court.'

"In Paragraph VI of the Complaint * * * 'and all of the other employees of the defendant for whose benefit and in whose behalf this action is brought.'

"In Paragraph VIII of the Complaint, and at each of the four places where the same appears in such paragraph * * * 'and each of the employees of the defendant on whose behalf and for whose benefit this action is brought.'

"In the prayer of said Complaint * * * 'and the other employees of the defendant in whose behalf and for whose benefit this action is brought.' "

It is urged in support of the motion to strike that the plaintiffs cannot maintain an action on behalf of employees who are neither named as plaintiffs nor intervene in the action because the Fair Labor Standards Act "Does not authorize a true class suit through virtual representation and for the reason that the rights of the individual employees are several, involve varying questions of law and fact and do not seek a common relief," and that "it is evident from the plaintiffs' complaint that no joint or common judgment can be rendered but that each plaintiff seeks a separate and distinct judgment for such sum to which he individually may be entitled under the Fair Labor Standards Act."

Section 216(b) of Title 29, of the U.S. C.A. provides as follows: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

It is evident from the reading of this section that in its enactment Congress not only provided for the right of an employee to

recover for violations of the Fair Labor Standards Act, but rather than abandon litigants to the procedures previously established in the various courts where such actions may be brought, it provided specifically for the procedure to be followed.

It logically follows that in order to decide the merits of the motion to strike, it would be purposeless to discuss the questions whether this is a true class action as prescribed in Rule 23 of the Rules of Civil Procedure, or into which one of the subsections of the Rule these proceedings fall, if any; or whether this is a true class suit or a spurious class action. Confusion might arise from an unnecessary discussion of the applicability of Rule 23.

The question for decision is: Does the instant suit follow the pattern delineated in the Act itself?

■ This court is of the opinion that an action in this form may be maintained by virtue of the statute and that the allegations sought to be stricken may properly be included so that other employees similarly situated who choose to do so may become parties to the action by themselves asserting their claims of record, or by properly designating someone to assert their demands in this suit, have their rights determined, and be bound by the decision of the court.

■ It is the definite intent and purpose of the Act to prevent a multiplicity of suits by permitting, but not compelling, all employees similarly situated to have their cases heard in one action. (This view was adopted and more fully discussed in Shain v. Armour & Co., D.C., 40 F.Supp. 488.)

■ It must be remembered, in construing this action, that it is a well-established principle of law, emanating from the constitutional guarantee of due process, that no one may be bound by a judgment in personam in an action to which he does not voluntarily, or by proper court process, become a party. A party, in order to be bound by the judgment of a court, must have notice of the suit and an opportunity to be heard.

Courts have recognized a departure from this principle where, from the nature of the litigation, it is apparent that those not parties to the suit are adequately represented by those who are present.

Mr. Justice Stone, in Hansberry v. Lee, 311 U.S. 32, at page 42, 61 S.Ct. 115 at page 118, 85 L.Ed. 22, 132 A.L.R. 741, said: " * * * there has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protection of the interests of [the] absent parties who are to be bound by it." See also: Wabash R. Co. v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379.

■ No joint judgment may be had in this type of action and in order that a recovery may be had by an employee in suits brought under this Act, proof must be established as to the type of employment, number of hours worked by each employee and how much he is entitled to recover. It is clear that no such proof may be made fairly to insure the protection of his interests in his absence, or in the absence of one duly designated by him and properly qualified to offer such proof.

■ An employee not party to the suit, who does not himself intervene in due time in the action, or designate someone else to represent him, cannot be bound by the judgment or have his claim rendered res judicata.

■ It clearly follows that judgments may be rendered only in favor of the plaintiffs in this suit or those other employees who become parties to the action by intervening, or by having the record show either that the plaintiffs, or someone else, had been designated by them to intervene in their behalf, and establish that they are employees similarly situated and are entitled to a judgment by virtue of the proof adduced.

Nowhere in the Act may there be found language to induce any other result.

These latter considerations, however, affect only the ultimate right of recovery. The motion to strike, therefore, will be overruled.

I am authorized by Judge JONES to state that Card et al. v. Elmer C. Breur, Inc., D.C., 42 F.Supp. 701, is overruled insofar as it may be inconsistent with this opinion.