## CUMMER–GRAHAM CO. v. STRAIGHT SIDE BASKET CORPORATION.

### No. 10279.

Circuit Court of Appeals, Ninth Circuit.
June 26, 1943.

George Donart, of Weiser, Idaho, and Frederick P. Cranston, of Denver, Colo., for appellant.

Richards & Haga, Oliver O. Haga, and J. L. Eberle, all of Boise, Idaho, for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appellee obtained a summary judgment against appellant in an action brought by appellee to recover alleged royalties due it, and this appeal followed.

The amended complaint, as amended, alleged that appellee was a Michigan corporation and that appellant was a Texas corporation, and that there was due appellee from appellant royalties aggregating $16,437.48 under contracts between such parties licensing appellant to use certain patents belonging to appellee.

The amended complaint also alleged generally that appellant was, at the commencement of the action, and had been for several years prior thereto, "doing intrastate business" in Idaho, and made the following specific allegations in that respect: that appellant sells upwards of 200 carloads of baskets in Idaho during the fruit packing season of each year; that it ships baskets into Idaho, generally in carload lots, for present and future use in filling its orders; that sales, in Idaho, are repeatedly made either from carload shipments consigned to appellant, or from stocks warehoused by or for appellant; that to develop and maintain the market for such baskets, appellant has several agents or distributors; that executive officers and sales managers of appellant spend about 60 days each year in Idaho, endeavoring to sell baskets; that C. H. Kinney, appellant's general sales manager, at the time he was served with summons in this action, was in Idaho, promoting sales of appellant's baskets and otherwise carrying on appellant's business in Idaho.

Appellant moved to dismiss the action on the ground that the venue thereof was improper. Appellant also moved to dismiss the action, or in lieu thereof to quash the service of summons or the return of service on the ground that it was not subject to service of process in Idaho.

Depositions of certain witnesses were taken, an affidavit filed, and the motions

submitted. The court below denied the motions. Thereafter appellant filed an answer expressly refusing to plead to the merits and re-asserting the contentions made with respect to the motions. Appellee then moved for a summary judgment, which motion was granted, and this appeal followed. We think the judgment must be reversed.

28 U.S.C.A. § 112 provides that in actions of this sort "suit shall be brought only in the district of the residence of either the plaintiff or the defendant". The instant action was brought in a district where neither plaintiff nor defendant resided.

A corporation may do business in a state without complying with valid laws of that state requiring foreign corporations to appoint an agent upon whom service of process may be made. The mere fact that it is doing business in such state, or has appointed a general agent in the state, does not waive the provisions of 28 U.S.C.A. § 112, and the corporate defendant may seasonably invoke that statute. In re Keasbey & Mattison Co., Petitioner, 160 U.S. 221, 229, 16 S.Ct. 273, 40 L.Ed. 402. On the other hand, if the foreign corporation complies with the state statute, the appointment of an agent upon whom service may be made is a waiver of the statute and it may not be invoked. Neirbo Co. v. Bethlehem Co., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Oklahoma Packing Co. v. Gas Co., 308 U.S. 530, 309 U.S. 4, 7, 60 S.Ct. 215, 84 L.Ed. 537.

Appellee argues: "* * * It would seem most illogical to argue that because it did not comply with the laws of the state, all actions against it on representations or agreements must be brought in the State of Texas. * * * We think it requires no argument that appellant could not, by an evasion or defiance of the laws of that state, obtain privileges and advantages in a Court that it could not have or enjoy if it had complied with the laws of the state". The difficulty with that argument is that since appellant did not comply with the laws of Idaho the rule of In re Keasbey & Mattison Co., supra, requires reversal here because it is binding on us. That the rule of that case is still the law is made clear in the Neirbo case, page 173 of 308 U.S., foot-note 15, 60 S.Ct. page 157, 84 L.Ed. 167, 128 A.L.R. 1437, where it is said: "* * * The decisive difference between the present [Neirbo] case and In re Keasbey & Mattison Co., supra,

is that in the latter case the designation under state law which is the basis of consent had in fact not been made. * * *"

It is unnecessary to consider the other contention that Kinney was not a person upon whom valid service might be made under Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Reversed.