## ROBINSON v. COOS BAY PULP CORPORATION.

### No. 8620.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 22, 1944.

Decided Feb. 5, 1945.

Isaac S. Grossman, of Philadelphia, Pa., for appellant.

A. Allen Woodruff, of Philadelphia, Pa. (John N. Schaeffer, Jr., and Morgan, Lewis & Bockius, of Philadelphia, Pa., on the brief), for appellee.

Before MARIS and GOODRICH, Circuit Judges, and SCHOONMAKER, District Judge.

MARIS, Circuit Judge.

We are called upon on this appeal to delimit the application of Section 51 of the Judicial Code, the federal venue statute.[1] The plaintiff, a citizen of the State of New Jersey, brought suit in the District Court for the Eastern District of Pennsylvania against the defendant, a corporation incorporated under the laws of the State of Washington, for an accounting for commissions alleged to be in excess of $3,000 and for judgment. Service of the writ and complaint was made upon an officer-director of the defendant at his office in the City of Chester in the Eastern District of Pennsylvania. The defendant appeared specially and, pointing to the fact that neither the plaintiff nor the defendant resided in that district, moved to vacate and set aside the service of the writ and complaint. The District Court granted the motion and ordered that the service of the writ and complaint be set aside and vacated.

Aside from the question of proper venue the jurisdiction of the court is beyond dispute, since the plaintiff and defendant are citizens of different states and the amount involved exceeds $3,000. Although the defendant asserted in its motion that the court had no jurisdiction[2] it is clear that the defense which it sought to invoke was that of improper venue rather than want of jurisdiction of the subject matter of the action.

■ The Supreme Court has consistently held that Section 51 accords to the defendant a personal privilege respecting the venue of a suit against him which he may assert or waive at his election.[3] Failure to assert the defense of improper venue seasonably has been held to amount to a waiver of it.[4] In Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, it was held that the appointment by a foreign corporation, in compliance with a state statute, of an agent upon whom process may be served within the state amounts to a waiver of the federal venue statute and to a consent by the foreign corporation to be sued in a federal court within the state.

■ The rule of the Neirbo case is not, however, applicable to the facts with which we are here dealing. The Pennsylvania statute requires a foreign corporation which desires to do a local business to designate the Secretary of the Commonwealth as its agent to accept service of process within the state.[5] The defendant has at no time made such designation. The plaintiff alleges, and supports his allegations with affidavits, that the defendant has in fact done business in Pennsylvania and urges that it would be inequitable to permit the defendant to profit by its wrongful failure to comply with the state statute. The question before us, however, is whether the defendant has waived the privilege conferred upon it by Section 51 not to be sued in the federal district courts sitting in Pennsylvania. We cannot undertake to determine the wholly collateral question as to whether the business done by the defendant in Pennsylvania was such as to impose upon it the duty to appoint the Secretary of the Commonwealth as its agent for service of process. The fact is that it has not done so and, therefore, has not by such action waived the venue statute.

■ The plaintiff contends, however, that it was not necessary for the defendant to evidence its consent to be sued in the state in any such positive way as by

[1] The pertinent provision of Section 51 of the Judicial Code, 28 U.S.C.A. § 112, is that " * * * where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; * * *."

[2] The defendant assigned as grounds for its motion that "(a) at the time of such attempted service, Coos Bay Pulp Corporation, was and still is a foreign corporation and was not and is not now doing business in the Commonwealth of Pennsylvania; and (b) the United States District Court for the Eastern District of Pennsylvania has no jurisdiction to herein determine this cause, under Section 51 of the Judicial Code, 28 U.S.C.A. § 112, it appearing that the jurisdiction of the Court is founded only on the fact that the action is between citizens of different States and it further appearing from the Complaint that neither the plaintiff nor the defendant reside in this District."

[3] Lee v. Chesapeake & Ohio R. Co., 1923, 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443.

[4] Commercial Casualty Ins. Co. v. Consolidated Stone Co., 1929, 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252.

[5] Act of May 5, 1933, P.L. 364, art. X, § 1004, 15 P.S. § 2852—1004(6).

appointing an agent to receive service of process but that the mere doing of business in the state amounts to a waiver of the venue privilege accorded by Section 51. We cannot agree. In the case of In re Keasbey & Mattison Co., 1895, 160 U. S. 221 at page 229, 16 S.Ct. 273, at page 275, 40 L.Ed. 402, the Supreme Court held that: "* * * a corporation, by doing business or appointing a general agent in a district other than that in which it is created, does not waive its right, if seasonably availed of, to insist that the suit should have been brought in the latter district." This rule, we think, is still the law and under it a foreign corporation merely by doing business in a state does not waive the protection of the federal venue statute.[6]

It has been suggested that the same reasons support the spelling out of a waiver by a foreign corporation of the venue privilege by virtue of the doing of local business as caused the majority of the Supreme Court in the Neirbo case to find a waiver by virtue of the appointment of an agent upon whom process might be served.[7] In the Neirbo case, however, we find conclusive evidence in both the majority and dissenting opinions that the court had no intention to overrule In re Keasbey & Mattison Co. Justice Frankfurter, who wrote the opinion of the court, distinguished rather than overruled that case. He said in a footnote to the majority opinion (308 U.S. at pages 173, 174, 60 S.Ct. at page 157, 84 L.Ed. 167, 128 A. L.R. 1437): "The decisive difference between the present case and In re Keasbey & Mattison Co., supra, is that in the latter case the designation under state law which is the basis of consent had in fact not been made." Justice Roberts, who wrote the dissenting opinion, referred to In re Keasbey & Mattison Co. as providing a correct interpretation of Section 51, which has since remained unchanged.

■ The District Court assumed that the doing of business within the state by the defendant would have amounted to a waiver of the venue privilege but set aside and vacated the service of the writ and the complaint because it concluded that the activities of the defendant were not such as to amount to the doing of business. It is clear that the action of the District Court was proper regardless of whether the defendant did a local business, since the defendant had not appointed an agent in Pennsylvania for service of process and, as we have seen, some such action was necessary to constitute a waiver. We think it but fair to observe, however, that were the rule otherwise we would be in entire accord with the conclusion of the District Court that the defendant's activities did not constitute doing business in Pennsylvania.

The order of the District Court is affirmed.

---

[6] Cummer-Graham Co. v. Straight Side Basket Corporation, 9 Cir., 1943, 136 F.2d 828.

[7] See article by Allen J. Levin, Federal Venue in Actions Against Corporations— 15 Temple Law Quarterly 92–106 (1940); and note—Venue of Actions Against Foreign Corporations in the Federal Courts, 53 Harv.Law Rev. 660–668 (1940).