### PENTLAND et al. v. DRAVO CORPORATION.

No. 3391.

District Court, W. D. Pennsylvania.

May 1, 1945.

Kountz, Fry, Staley & Meyer, of Pittsburgh, Pa., for plaintiffs and intervenors.

Charles F. Uhl, U. S. Atty., and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for defendant.

GIBSON, Distict Judge.

The defendant has moved for a judgment of dismissal in the present action against forty-three complainants in their capacity as alleged representatives of unidentified persons claimed to be employees, or former employees, of defendant similarly situated with complainants. On the day fixed for hearing upon that motion, the plaintiff submitted the motions of eleven other persons who desired to intervene, and the court has allowed their motion. The defendant's motion, therefore, applies to original plaintiffs named and the intervenors.

The complaint asserts that the original complainants and about forty-five others whom they claimed to represent, were employed in interstate commerce by defendant on a monthly salary basis; that they worked more than 40 hours per week, and did not receive any overtime for the excess of time they were employed. The answer of defendant admitted that the original complainants had been employed by defendant upon a monthly salary; that while so employed they had worked more than 40 hours per week, and had received no overtime compensation for the hours in excess of 40 hours, but denied that the Act of Congress required defendant to pay overtime compensation because the plaintiffs were "exempt" employees under the Regulation.

The instant suit is an example of what is termed a "spurious" or "hybrid" class action. The plaintiffs, by statute, have been authorized to bring an action for the benefit of all employees of defendant who are similarly situated as are plaintiffs. While all persons entitled to participate in the action were employed at a monthly salary, and base their suit upon the same statute and Federal Civil Procedure Rule 23(a) (3), 28 U.S.C.A. following section 723c, the claims of the plaintiffs appearing are not joint, but several. As to each of the original plaintiffs the defendant has answered, declaring that it is exempt insofar as the overtime provision of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., is concerned, and has set forth that each of such plaintiffs belonged to one of several classes specified as exempt. It is plain that upon the trial each plaintiff, although entitled to join with other employees by the statute and rule, must present his individual claim. The statement of claim asserts that the action is brought on behalf of employees numbering about five hundred, and the original plaintiffs claim the right to represent all of these employees and secure judgments on their behalf, although said persons may not appear as intervenors upon the record.

The defendant has moved to dismiss the action as to all employees not appearing as plaintiffs in the original statement of claim. On the return day of that motion, counsel for the plaintiffs filed a petition to intervene on behalf of eleven other employees, and that petition was allowed by the court.

There seems to be no question but that only those claims may be considered which are made by those who appear as plaintiffs or intervenors in the record. See Saxton v. W. S. Askew Co., D.C., 1940, 35 F.Supp. 519; Lofther et al. v. First Nat. Bank of Chicago, D.C., 1941, 45 F.Supp. 986; Shain v. Armour & Co., D.C., 1941, 40 F.Supp. 488; Gordon v. Paducah Ice Mfg. Co., D.C., 1941, 41 F.Supp. 980; Archer v. Cornillaud, D.C., 1941, 41 F.Supp. 435; Calabrese et al. v. Chiumento et al., D.C., 1944, 3 F.R.D. 435; Smith et al. v. Stark Trucking, Inc., D.C., 1943, 53 F.Supp. 826; Abram et al. v. San Joaquin Cotton Oil Co., D.C., 1942, 46 F.Supp. 969,

See also lecture of Dean Charles E. Clark, Yale University School of Law, at the meeting at the School of Law, Western Reserve University on Civil Rule 23(a) (3), published in the proceedings of the Institute on Federal Rules by the American Bar Association in the volume containing the Rules. Also, "Federal Class Actions" by Moore and Cohn, 32 Illinois Law Review, pp. 318 and 563.

In the face of the practically unanimous opinions to the contrary, the contention of plaintiffs' counsel that the Labor Standards Act authorizes him to proceed upon all of the five hundred cases of those in similar situation to that of the present plaintiffs, whether those not named appear, or want to appear, or not, cannot meet with the agreement of the court. The act did not change existing law but only allowed a "spurious" class action by reason of the possible large number of plaintiffs. The contention that counsel may prosecute an action on behalf of persons who have not authorized him to do so, and who may be unwilling to appear in the suit and yet will be bound by the judgment, is altogether too astonishing to be accepted. If judgments may be obtained for several hundred persons whose names have not appeared in the pleadings, not only will the defendant be embarrassed, and possibly the court, but many technical difficulties will arise.

We are satisfied that only the claims of those who appear of record may be considered. This action has been pending for six months, and it may be assumed that all persons who desire to intervene have done so. The motion of the defendant will be granted and the number of the plaintiffs limited to those who have appeared as plaintiffs or have intervened.