**BARRETT et al. v. NATIONAL MALLE-
ABLE & STEEL CASTINGS CO.**

Civil Action No. 5325.

District Court, W. D. Pennsylvania.

Sept. 13, 1946.

Walter M. Nelson, of Detroit, Mich., and George A. Dawson, of Pittsburgh, Pa., for plaintiffs.

Lee C. Shaw, of Seyfarth, Shaw & Fairweather, all of Chicago, Ill., and John C. Bane, Jr., of Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is an action brought to recover overtime compensation, liquidated damages, etc., under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Said action has been filed by forty-one (41) plaintiffs in behalf of themselves generally and for and in behalf of past and present similarly situated supervisory employees.

The defendant has appeared and moved to dismiss the Complaint on the ground that this Court does not have jurisdiction, and the defendant is, therefore, not subject to suit. The issues of law have been argued and briefs have been submitted and considered.

It appears that in the drawing of the Complaint the residence of the plaintiffs was not set forth but it is averred that each and all of the plaintiffs named and referred to were employees of the defendant. The defendant corporation operates a manufacturing plant in the City of Sharon, County of Mercer, Commonwealth of Pennsylvania; that it is licensed to do business in the Commonwealth of Pennsylvania, and has maintained and does maintain offices at the location herein set forth.

It is furthermore averred by the plaintiffs that jurisdiction is conferred on this Court by virtue of the provisions of the Judicial Code, more particularly 28 U.S.C.A. § 41(8), and by the Fair Labor Standards Act, more particularly 29 U.S.C.A. § 201 et seq.

The defendant in its motion to dismiss the complaint sets forth in support thereof as follows:

"1. To dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted;

"2. To dismiss the action on the ground that it is in the wrong District because:

"(a) The jurisdiction of this Court is invoked solely on the ground that the action arises under the Constitution and laws of the United States, and

"(b) The defendant is a corporation incorporated under the laws of the State of Ohio, and is an inhabitant thereof, as more fully appears in the affidavit of Lee C. Shaw, attached hereto.

"3. To dismiss the action on the ground that:

"(a) It appears from the complaint that the plaintiffs are executive employees of the defendant, and

"(b) Executive employees are specifically exempted from the overtime provisions of the Fair Labor Standards Act.

"4. To dismiss this action to the extent that it asserts a right of recovery to alleged unpaid overtime compensation and liquidated damages for any period preceding six (6) years next before the commencement of the action, on the ground that such right of recovery is barred under the provisions of Title 12, Section 31, Purdon's Statutes Annotated, Penna.

"5. To dismiss this action as to all unnamed past and present supervisory employees of the defendant who are alleged to be similarly situated to the plaintiffs, and who do not within such reasonable time as the Court may fix, make themselves

parties of record to this action by intervention or by written designation of one of the named plaintiffs as their agent to maintain the action for them, and to strike from the complaint all references to such unnamed employees of the plaintiff and claims asserted on their behalf, on the ground that unless all plaintiffs are parties of record, the defendant will be unable properly to prepare a responsive pleading or to prepare for trial.

"6. To dismiss this action to the extent that it asserts a right of recovery for work allegedly performed by the plaintiffs on "the seventh consecutive day", on the ground that the complaint fails to state a claim against defendant upon which relief based upon said work can be granted, and to strike all reference in the complaint to such work on such day.

"7. To order the plaintiffs to furnish a more definite statement of the following matter set forth in their complaint herein: The complaint alleges in general terms that the plaintiffs worked for the defendant for more than forty-four (44) hours each week from October 24, 1938 until October 24, 1939; and for more than forty-two (42) hours each week from October 24, 1939 until October 24, 1940; and for more than forty (40) hours each week from October 24, 1940 to the date of the filing of this complaint; but there is no allegation in the complaint as to the number of hours worked by each plaintiff in each work week during said periods, and there is no allegation as to the nature and character of the duties of each plaintiff during each work week in said period, and such allegations are necessary in order to determine the applicability of the Fair Labor Standards Act and to enable the defendant properly to prepare a responsive pleading and to prepare for trial."

Under the provisions of Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided, inter alia, that a motion to dismiss a complaint may be filed where it is believed that the allegations of fact set forth in the complaint fail to set forth any claim upon which relief can be granted.

■ ■ It is a settled principle of law that a complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts which could be proved in support of the allegations set forth therein. Furthermore, the complaint should be viewed in a light most favorable to the plaintiff, and the truth of the facts well pleaded, including facts alleged on information and belief, are admitted. Continental Collieries, Inc., v. Schober, Jr., 3 Cir., 130 F.2d 631; Federal Rules of Civil Procedure, rules 8(f) and 12(b) (6), 28 U.S.C.A. following section 723c; Carroll et al. v. Morrison Hotel Corp., 7 Cir., 149 F.2d 404; Garbutt v. Blanding Mines Co., 10 Cir., 141 F.2d 679; Galbreath v. Metropolitan Trust Co. of California et al., 10 Cir., 134 F.2d 569.

■ It is well settled that the District Court has jurisdiction under Section 24(8) of an action brought under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), irrespective of diversity of citizenship or the amount involved. Williams v. Jackson Terminal Co., 315 U.S. 386, 62 S.Ct. 659, 86 L.Ed. 914.

The section of the Fair Labor Standards Act just referred to provides, inter alia, as follows:

"Action to recover such liability [against an employer by an employee or employees affected] may be maintained in any court of competent jurisdiction by any one or more employees for or in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated."

Under the terms of Judicial Code, more particularly 28 U.S.C.A. § 41(1), it is provided, inter alia, as follows:

"The district courts shall have original jurisdiction: * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000, and (a) arises under the Constitution or laws of the United States, * * * or (b) Is between citizens of different States."

414

Under the terms of Judicial Code, more particularly 28 U.S.C.A. § 41(8), it is provided, inter alia, as follows:

"The district courts shall have original jurisdiction * * * of all suits and proceedings arising under any law regulating commerce."

Under the terms of Judicial Code, more particularly 28 U.S.C.A. § 112(a), it is provided, inter alia, as follows:

"No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

■ Although the defendant asserted in its motion and argued that the Court had no jurisdiction, it is clear that the defense which the defendant seeks to invoke is that of improper venue rather than one of jurisdiction of the subject matter of the action. It has been consistently held by the Supreme Court of the United States, and in the Third Judicial Circuit, that Section 51 of the Judicial Code, 28 U.S.C.A. § 112, accords to the defendant a personal privilege respecting the venue of the suit against him, which he may assert or waive at his election. Robinson v. Coos Bay Pulp Corp., 3 Cir., 147 F.2d 512, 513; Lee v. Chesapeake & Ohio R. Co., 260 U.S. 653, 655, 43 S.Ct. 230, 67 L.Ed. 443.

The defendant admitted at the time of argument and in its brief that it is a corporation duly organized and existing under and by virtue of the laws of the State of Ohio, and maintains its corporate offices and its principal place of business in the City of Cleveland, State of Ohio; that the Company operates one of its plants at Sharon, Mercer County, Pennsylvania, maintains offices at said location, and that all of the work done by the plaintiffs in the within action was performed at the plant located at Sharon, Pennsylvania. It is furthermore admitted that the defendant appointed W. M. Ewing, who is also General Manager of the plant situate at Sharon, Pennsylvania, as a resident agent in the State of Pennsylvania.

Under the law of the Commonwealth of Pennsylvania it is provided that a foreign corporation doing business in Pennsylvania shall designate the Secretary of the Commonwealth and his successor in office as its true and lawful attorney upon whom all lawful process in any action or proceeding against it may be served; that the service of process upon the Secretary of the Commonwealth shall be of the same legal force and effect as if served on the corporation, and that the authority for such service or process shall continue in force as long as any liability remains outstanding against the corporation in this Commonwealth. Act of May 5, 1933, P.L. 364, Article 10, § 1004, 15 Purdon's Penna. Statutes Annotated, § 2852—1004(6).

■ The Court has taken judicial knowledge of the fact that the National Malleable and Steel Castings Company, the defendant in the within action, designated the Secretary of the Commonwealth of Pennsylvania as its true and lawful attorney upon whom all lawful process of any action or proceeding may be served, and, in view of the fact that a question of liability now exists in the within action, designation made by the Defendant Company continues in full force and effect.

■ It is a well settled rule of law that a corporation is a resident and inhabitant of the state under which it was incorporated. Cyclopedia of Federal Procedure, 2nd Edition, Vol. 2, Section 536, Page 591 et seq.; Title 28 U.S.C.A. § 112(a); Gorman v. A. B. Leach & Co., Inc., D.C., 11 F.2d 454.

■ It is furthermore a definite settled rule of law that a corporation, by doing business or appointing a general agent in a district other than that in which it is created, does not waive its right, if seasonably availed of, to insist that the suit should have been brought in the district of its incorporation. As a result thereof, a foreign corporation merely by doing business in a state other than in the state where it was incorporated, or by appointment of a general agent to represent the corporation, does not waive the pro-

tection of the federal venue statute which exists under the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112. In re Keasbey & Mattison Co., 160 U.S. 221, 229, 16 S.Ct. 273, 40 L.Ed. 402; Robinson v. Coos Bay Pulp Corp., 3 Cir., 147 F.2d 512, 514; Cummer-Graham Co. v. Straight Side Basket Corp., 9 Cir., 136 F.2d 828.

■ In this case the defendant has complied with a provision of the state law which obligated the defendant, as a foreign corporation, to register with the Secretary of the Commonwealth and to designate the Secretary of the Commonwealth as its true and lawful attorney against whom lawful process may be served. Since the defendant has complied with the state statute, the appointment of the Secretary of the Commonwealth as its agent upon whom service may be made, it is a waiver of the provisions of the federal statute that an action such as involved in the instant case must be filed in the state of which the defendant is an inhabitant, and this defense may not, therefore, be invoked in this proceeding. Cummer-Graham Co. v. Straight Side Basket Corp., 9 Cir., 136 F.2d 828, 829; Robinson v. Coos Bay Pulp Corp., 3 Cir., 147 F.2d 512; Neirbo Co. et al. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

■ Furthermore, when the Defendant Company, as a foreign corporation, complied with the laws of the Commonwealth of Pennsylvania and designated the Secretary of the Commonwealth as its agent for service of legal process, this action amounted to giving the United States Court, in the district where the defendant was engaged in business, jurisdiction for the reason that the federal district court would be a court of record within the scope of the consent given by the defendant. Oklahoma Packing Co. et al. v. Oklahoma Gas & Electric Co. et al., 309 U.S. 4, 7, 60 S.Ct. 215, 84 L.Ed. 537.

■ It does not appear to the Court that the service of legal process which was made on the resident agent of the Defendant Company, who was General Manager of the defendant located at Sharon, Pennsylvania, where the plaintiffs in this action performed their service, was sufficient to vest the Court with jurisdiction. This is true for the reason that the doing of business in the State of Pennsylvania, or the appointment of a general agent, does not amount to a waiver by a foreign corporation of the right to question the venue of the United States Courts as it exists under the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112. In Re Keasbey & Mattison Co., 160 U.S. 221, 229, 16 S.Ct. 273, 40 L.Ed. 402; Robinson v. Coos Bay Pulp Corp., 3 Cir., 147 F.2d 512, 514; Cummer-Graham Co. v. Straight Side Basket Corp., 9 Cir., 136 F.2d 828.

At the time of argument, the Court had not been given opportunity to investigate the law pertaining to the questions which exist. However, subsequent thereto an exhaustive and thorough research has been made of the legal principles which are involved in this proceeding. If the facts which existed at the time of argument had continued to remain the same, the Court would have granted the relief prayed for by the defendant in its motion to dismiss for the reason that the action would not have been filed in the proper United States District Court, or it would have been necessary for the plaintiffs to file their action, unless diversity of citizenship would have been averred and the proper jurisdictional facts would have existed, in the United States District Court for the Northern District of Ohio which was the principal place of business of the defendant.

However, it appears that on the 15th day of April, 1946, in accordance with the provisions of Rule 4, Paragraph B, Subsections 3 and 7, of the Rules of Civil Procedure for the District Courts of the United States, the plaintiffs filed a motion with another member of this Court in which authorization was requested to serve the Defendant Company by the Secretary of the Commonwealth, through the Sheriff of Dauphin County. On the 15th day of April, 1946, the Honorable R. M. Gibson, a member of this Court, authorized the Sheriff of Dauphin County, in accordance with the Rules of Court above referred to, to serve the Defendant Company through the Secretary of the Commonwealth of Penn-

sylvania, at Harrisburg, Pennsylvania. This authorization was given by a member of this Court by virtue of the Act of May 5, 1933, P.L. 364, Article 10, § 1004, 15 Penna. Purdon's Statutes Annotated, § 2852—1004(6).

It further appears that a praecipe for an alias summons was issued to the Clerk of the United States Court by counsel for the plaintiffs on the 22nd day of April, 1946, and that said alias summons together with copies of the plaintiffs' complaint were served in duplicate by the Sheriff of Dauphin County, on the 26th day of April, 1946, on Charles M. Morrison, Secretary of the Commonwealth of Pennsylvania, the duly constituted lawful attorney for the defendant, National Malleable and Steel Castings Company.

The Court believes this action was proper and has taken judicial knowledge of the laws of Pennsylvania authorizing such procedure, our Federal Rules of Civil Procedure, and the fact that the defendant, National Malleable and Steel Castings Company, did designate the Secretary of the Commonwealth of Pennsylvania as its duly authorized and constituted attorney on December 29, 1923, and on July 28, 1933, the corporation requalified by obtaining a Certificate of Authority as required by the Business Corporation Law. The defendant contends that the securing of the authority to proceed, as above referred to ex parte, is irregular and not legally effective. The Court does not agree with this contention and in disposing of the questions which exist, it is the duty of the Court to consider all facts and the records in the Office of the Clerk of Courts as they exist at the time the opinion of the Court is filed.

However, in view of the law referred to in the authorities above set forth, this Court does have jurisdiction of the cause of action and also proper venue exists in this Court since the plaintiffs caused the legal process to be served on the Secretary of the Commonwealth, who is the true and lawful attorney of the Defendant Company and who is the only person upon whom service can be legally made.

The second question pressed by the defendant, both at the time of argument and in its brief, is that an action under the Fair Labor Standards Act is a spurious class action in which only those who join in the action may recover, and all reference to employees "similarly situated" should be stricken from the complaint, and the action should be dismissed as to those who do not join as parties plaintiff or who fail to designate some person as their legal representative or agent.

At the time of argument, the plaintiffs stipulated and the defendant agreed that the issues to be joined in the within proceeding are to be limited to the plaintiffs set forth in the original complaint unless the plaintiffs' counsel, at least sixty (60) days prior to the time that the case is listed for trial, by the filing of a proper motion or petition secures authority from the Court to amend the original complaint by adding thereto additional plaintiffs. Although the understanding just mentioned was agreed to by counsel representing the respective party litigants at the time of oral argument, the defendant in its brief sets forth reference to a previous decision in this Judicial District which supports its contention. 4 F.R.D. 350. However, the decision of the court in this case was reversed by the Circuit Court of Appeals. Pentland et al. v. Dravo Corp., 3 Cir., 152 F.2d 851.

It does not appear fair to the Court that the defendant should be "left in the dark" as to what claims it might be called upon to answer at the time of trial. However, I do not think it proper at this time to preclude the other persons who care to join in the proceeding from filing an appropriate petition with the Court if they so desire.

Actions of this nature, which are commonly termed "representative suits," should be liberally administered since it may be that other persons interested in the same common question of law or facts might desire to join as party plaintiffs and by the binder being permitted, a multiplicity of suits would be avoided and a litigious situation would be corrected at one time. Pentland et al. v. Dravo Corp., 3 Cir., 152 F.2d 851; Culver et al. v. Bell & Loffland, Inc., 9 Cir., 146 F.2d 29.

■ I, therefore, believe that the period of sixty (60) days prior to the date of trial, which has been agreed upon by counsel, is a fair, reasonable and just period of time for any additional person or persons to request leave to join as party-plaintiffs in the within action. Such stipulation is, therefore, approved.

The third question argued by the defendant and which is before the Court for consideration is—Does the Pennsylvania Statute of Limitations upon a contract without specialty, or an action in a nature of debt, apply to an action for overtime wages under the Fair Labor Standards Act, and, as a result thereof, should the actions in the instant case be disregarded to the extent that it asserts a right of recovery for any period greater than six years before the suit was filed?

■ Since there is no federal statute of limitations limiting time within which suits may be filed, under the provisions of Section 16(b), 29 U.S.C.A. § 216(b), of the Fair Labor Standards Act, the federal courts will apply the statute of limitation in the state where the suit is pending. Republic Pictures Corp. v. Kappler, 8 Cir., 151 F.2d 543; Keen v. Mid-Continent Petroleum Corp., 63 F.Supp. 120; 157 A.L.R. 545; Loggins et al. v. Steel Const. Co., 5 Cir., 129 F.2d 118; Culver et al. v. Bell & Loffland, Inc., 9 Cir., 146 F.2d 29.

The statute of limitations in Pennsylvania for an action of contract without a specialty, or an action in debt, is six years. Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 Purdon's Penna. Statutes Annotated, § 31.

■ Since the instant case was filed on December 6, 1945, it is ordered that the suit be dismissed as to any and all claims for overtime wages earned prior to December 6, 1939.

■ It is finally contended by the defendant that a claim for overtime or twice the normal rate of time worked on the "7th consecutive day" has no relation to the Fair Labor Standards Act nor acts thereunder. Careful consideration has been given to the provisions of the Fair Labor Standards Act, more particularly Section 7(a), 29 U.S.C.A. § 207(a), and the only requirement which is set forth in the Act is that the employee receives compensation for his employment in excess of the hours specified at a rate not less than one and one-half times the regular rate for which he is employed. This provision of law does not purport to regulate wages but imposes a penalty on overtime work regardless of what the rate of pay might be. Carleton Serew Products Co. v. Fleming, 8 Cir., 126 F.2d 557.

■ It does not appear to me, from the specific language of the statute, that any basis exists upon which a claim for double time for the "7th consecutive day" may be made, and under the provisions of the Fair Labor Standards Act, no such right of recovery can be had. In the case before the Court for consideration, the cause of action of any of the plaintiffs is dismissed in so far as he seeks to recover for overtime compensation at twice the normal rate for time worked on the "7th consecutive day." Steiner v. Pleasantville Construction, Inc., 182 Misc. 66, 49 N.Y.S.2d 42.

■ Although the defendant did not argue or refer in its brief to the request made that the plaintiffs be required to furnish a more definite statement as to the extent and nature of the employment of the plaintiffs, I believe the information desired is solely and wholly, as far as definiteness is concerned, within the knowledge of the defendant. As a result thereof, no useful purpose could be gained in directing the plaintiffs to make available the information requested in Paragraph 7 of the motion to dismiss since the plaintiffs would be compelled to file a motion for interrogatories or a bill of discovery against the defendant to secure the necessary data that would be required in connection therewith. If this were done, the Court would be compelled to grant the motion filed. Hickman v. Taylor, 3 Cir., 153 F.2d 212.

The request of the defendant for a more definite statement is, therefore, refused.

The defendant further contends that the action should be dismissed for the reason that the complaint sets forth that the plaintiffs are executive employees and, as a result thereof, are not covered by the Fair Labor Standards Act. Title 29 U.S.C.A. § 213(a) (1).

In this connection it is impossible for the Court to state as a matter of law that the plaintiffs do not have a right of recovery since at the time of trial one or all of the plaintiffs might be able to prove that they do not fall within the administrative definition of an employee employed in the bona fide executive capacity which satisfies the definition promulgated by the Administrator. As a result thereof, the motion to dismiss on the ground that the plaintiffs are executive employees and do not, therefore, have a right of recovery is refused. Schmidt v. Emigrant Industrial Savings Bank, 2 Cir., 148 F.2d 294; Fanelli v. U. S. Gypsum Co., 2 Cir., 141 F.2d 216; Smith et al. v. Porter et al., 8 Cir., 143 F.2d 292; Block v. Bell et al., 63 F.Supp. 863.