CLARK et al. v. E. C. SCHROEDER CO., Inc.

Civ. A. No. 2004.

District Court, E. D. Oklahoma.

Aug. 12, 1947.

Louis A. Fischl, of Ardmore, Okl., for plaintiffs.

Reuel W. Little, of Madill, Okl., for defendant.

BROADDUS, District Judge.

*Jurisdiction*

1. This is an action to recover overtime compensation and liquidated damages allegedly due under the provisions of the Fair Labor Standards Act. Virgil Clark, for himself and as agent for several others named and for all others similarly situated, originated the action in this court. This court has jurisdiction. 29 U.S.C.A. §§ 201–219; 28 U.SC.A. § 41(8).

*Stipulation Approved*

2. The court adopts and approves the pre-trial and supplemental pre-trial stipulations, and exhibits attached thereto, filed herein by the parties, and makes the same a part of these findings of fact and conclusions of law. Clifton v. E. C. Schroeder Co., 10 Cir., 153 F.2d 385, controlling.

3. Plaintiffs herein, workers for the defendant at its quarry approximately twelve miles distant from the Cumberland Oil Field dyke, were mechanics, laborers, power shovel operators and drivers of trucks hauling rock from quarry to dyke. The drivers dumped the rock from the trucks either directly upon the dyke construction or into cranes which dumped it on the dykes. The rock usually had to be placed or spread after dumping, but this work was not done by plaintiffs. None of the plaintiffs' activities was work on the dyke itself.

4. The agreement of the parties as contained in their supplemental pre-trial stipulation adopted herein fixes the amount of overtime which each of the plaintiffs is entitled to recover in the event judgment is for them, without regard to the additional compensation provided by the statute. This

agreement eliminates from the controversy the issue of the period of limitations raised by the Answer of the defendant herein.

5. The plaintiffs herein were co-workers performing like duties of the plaintiffs in the case of Clifton, etc. v. E. C. Schroeder Co., Inc., No. 1282 in this court, 10 Cir., 153 F.2d 385, certiorari denied 328 U.S. 858, 66 S.Ct. 1353, 90 L.Ed. 1629. The facts in this case are the same as those in the Clifton case and the issues here were among the issues decided in that suit. Defendant contends that certain admissions made by plaintiffs in the pretrial stipulation in this case, which were not made in the Clifton case, are sufficient to support a result different from that reached by the majority of the Tenth Circuit Court of Appeals on the appeal thereof. Analysis of those "admissions" referred to discloses that they are not points of material facts which were not before the court in the previous case, but are either inferences or conclusions capable of being drawn from the facts or are recitals of fact that appeared in the testimony and the court's findings of fact although not originally admitted by plaintiffs. The composite fact picture presented to the court now is identical with that before both this court and the appellate court in the Clifton case.

*Conclusion of Law*

■ A. Application of the law of res judicata or estoppel by judgment requires that parties in a later action be identical or in privity with those in the former action. Viles v. Prudential Ins. Co., 10 Cir., 124 F.2d 78; Henderson v. United States Radiator Corp., 10 Cir., 78 F.2d 674; Temmer v. Denver Tramway Co., 8 Cir., 18 F.2d 226, 227, 229; 50 C.J.S., Judgments, § 763, and § 687. One of the well recognized exceptions to this rule is that members of a class not present as parties to the litigation of a class action may be bound by the judgment where they are in fact adequately represented by parties who are present, or where they actually participate in the conduct of the litigation in which members of the class are present as parties. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741; 50 C.J.S., Judgments, § 776. Of course, a case could not come within this exception where the plaintiffs in the earlier suit either did not purport to or could not act for others. Hansberry v. Lee, supra; Barnes v. Fort, 181 Tenn. 522, 181 S.W.2d 881; 50 C.J.S., Judgments, § 777. In the Clifton case Clifton brought and maintained the action for himself and as agent for various named employees; he did not assert a claim for the benefit of others similarly situated. But that should not be determinative if in fact and in law Clifton and/or others were suing in the previous case for the benefit of a class. They were not. Neither this action, though so styled, nor the Clifton case is a class action of the type to produce a judgment binding on members of a class not joined or represented particularly by one who is a party. Pentland v. Dravo Corp., 3 Cir., 152 F.2d 851; Smith v. Stark Trucking, Inc., D. C. Ohio, 53 F.Supp. 826.

■ The rule of stare decisis or judicial precedent is the guiding one here. Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas. 1913E, 875; 30 Am.Jur. § 169, p. 913. The Clifton case as decided by the Tenth Circuit governs the result of this case and requires judgment for the plaintiffs inasmuch as we are cited to no case, and independent searching discloses none, that may be taken as either impliedly or expressly overruling it.

Judgment will be entered in keeping with these findings of fact and conclusions of law as of the date of their filing, this the 12th day of August, 1947.