## WACHTLER v. CHICAGO, M., ST. P. & P. R. CO.

### Civ. A. No. 2422.

District Court, D. Minnesota,
Fourth Division.

Oct. 15, 1947.

Irving H. Green, of Minneapolis, Minn., for plaintiff.

F. W. Root, C. O. Newcomb and A. C. Erdall, all of Minneapolis, Minn., for defendant.

NORDBYE, District Judge.

Defendant is incorporated under the laws of Wisconsin. Plaintiff is a resident of South Dakota and brings this personal injury action in this Court upon the grounds that the required diversity of citizenship and jurisdictional amount exist. Defendant moves to dismiss because this State is not the place of defendant's incorporation and the process in this action was served upon one of its ticket agents in Minneapolis, Minnesota, not upon the agent appointed for service of process pursuant to the state statute requiring appointment of such an agent.

Section 51 of the Judicial Code, 28 U.S.C.A. § 112, provides: " * * * except as provided in sections 113–118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other

district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; * * *."

This statute affects the place of trial, or venue, and therefore may be waived in the United States courts. Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 73 L.Ed. 252. The United States Supreme Court has held that appointment of an agent for service of process is one way in which a foreign corporation waives its venue rights under this statute. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. Consequently, by appointing an agent for service in Minnesota, the defendant railroad has consented to have the venue of an action against it in Federal District Court laid in Minnesota. No other act is necessary to establish that consent. The consent does not arise only at the time an action is brought. It exists if an action is brought or if it is not. So when an action is commenced, the consent is pre-existing and merely taken advantage of by the plaintiff.

The United States Supreme Court also has held that when defendant, by appointing an agent for service, consents that the venue may be laid in the United States District Court for the State in which the agent resides, it also "is a consent to suits brought in conformity to the federal regulations governing the * * * procedure of those courts. Ex parte Schollenberger, supra, 96 U.S. 377, 24 L.Ed. 853; Neirbo Co. v. Bethlehem Corp., supra, 308 U.S. 175, 60 S.Ct. 158, 84 L.Ed. 167, 128 A.L.R. 1437." Mississippi Pub. Corp. v. Murphree, 1945, 326 U.S. 438, 444, 66 S.Ct. 242, 245, 90 L. Ed. 185. Thus, when defendant appointed its agent for service in Minnesota, it consented to the application of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to those actions. Rule 4(d) provides:

"The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

* * * * * *

"(3) Upon a domestic or foreign corporation * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

* * * * * *

"(7) Upon a defendant of any class referred to in paragraph * * * (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction in that state."

These rules, to which defendant was subject in Minnesota after appointment of its Minnesota agent for service, obviously permit service either on the agent designated for service or upon the party whom the state statutes permit to be served when such an action is brought in the state courts of general jurisdiction. Section 543.08 of the Minnesota Statutes of 1945 and M.S.A. provides: " * * * If the defendant be a foreign corporation the summons may be served by delivering a copy to any of its officers or agents within the state, provided that any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent. * * *"

Section 543.10 provides: "In any action or proceeding against a railway company, whether domestic or foreign, including proceedings under the right of eminent domain, service of the summons and of all notices required to be served therein may be made by delivering a copy thereof to any

ticket or freight agent of such company within the county in which the action or proceeding is begun, with the same effect as though made pursuant to section 543.08. If such company shall appear in an action by a resident attorney, service shall thereafter be made upon such attorney."

A reading of these statutes and consideration of the record on this motion shows that by serving one of defendant's ticket agents in Minneapolis, plaintiff has complied specifically with Section 543.10 and therefore also has satisfied Rule 4 of the Federal Rules of Civil Procedure, by which defendant is bound. Consequently, plaintiffs have properly served defendant in the venue to which, by appointing an agent for service, defendant has consented. Defendant's motion to dismiss is unsustainable.

Defendant's contention that the venue requirement waived by appointment of an agent does not exist unless service is made upon the appointed agent overlooks the fact that the appointment of the agent is also a consent to be bound by the Rules of Civil Procedure pertaining to service of process. It erroneously assumes, in effect, that the actual service of process upon the agent and his acceptance of it is what constitutes the waiver of a consent to Minnesota venue. It seems clear that the appointment, not the service, constitutes the waiver. Moreover, nothing shows that the waiver of venue by this defendant when it appointed the agent in Minnesota was or could be conditional.

█ The question of place of trial and service of process, which defendant seeks to bind together, are of course separate questions in reality. Mississippi Pub. Co. v. Murphree, supra, 326 U.S. at page 445, 66 S.Ct. 242, 90 L.Ed. 185. The service of process is the procedure by which the court may obtain jurisdiction over the person of the defendant so the defendant may be brought into court at the place where Congress has declared suit may be maintained. The service does not enlarge or diminish the venue to which defendant has consented by appointing an agent for service.

In Ward v. Studebaker Sales Corporation, 3 Cir., 1940, 113 F.2d 567, the defendant foreign corporation contended, as here, that because service had been made upon a company officer in accordance with the state statutes, and not upon the corporation's agent for service, the venue was improper. The Circuit Court of Appeals for the Third Circuit unanimously held, 113 F.2d at page 569. "The consent doctrine laid down in the Neirbo case is not avoided because of service in accord with some other recognized statutory practice. That would not only put words in the corporate mouth, but words that do not even make sense." This decision, of course, controls over a contrary dicta found in Barrett v. National Malleable & Steel Castings Co., D.C.Pa.1946, 68 F.Supp. 410, which is from a lower court of the Third Circuit.

Defendant's motion to dismiss this action must be, and hereby is, denied. It is so ordered. An exception is allowed to the defendant.